### Bitzer v. Commonwealth.

(Decided April 18, 1911.)

### Appeal from Jefferson Circuit Court (Criminal Division).

Keeping Disorderly House—Selling Liquors on Sunday.—Penalty under an indictment for keeping a disorderly house, where it is shown by five or six witnesses that the defendant during twelve months preceding the date of the indictment, sold whisky and beer in the back room of his house in which he kept a grocery store, that said witnesses made such purchases, and that the door of the front room remained open on Sundays and that persons passed into the house through the front room into the back room at all times during the day, and that the police frequently requested the crowds to disperse and made several arrests, and that appellant had no license to sell whisky. Held that a fine of $300.00 was properly imposed on the appellant for such violation of the law.

ROGERS & DOUGLAS for appellant.

JAMES BREATHITT, Attorney General, and CHAS. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant was indicted by the grand jury of Jefferson county for the offense of keeping a disorderly house in the city of Louisville, Ky. It was shown on the trial by five or six witnesses that during the twelve months preceding the date of the indictment, they purchased whiskey and beer in the back room of the house kept by appellant as a grocery store; that they made the pur-

chases from Bitzer in person and from his clerks; that most of these purchases were made on Sundays. Several witnesses stated that crowds congregated in front of appellant's place of business; that the front door of appellant's place remained open on Sunday; that persons passed into the house, through the front room and into the back one; that the ingress and egress to this back room was open at all times during the day and early evenings. The police frequently requested the crowds to disperse and made several arrests of those who refused to move when requested. Appellant introduced six or seven witnesses who testified that they had lived by his place of business for years; that they had not noticed any disorder or heard any unusual noises or boisterous conduct. Some of them spoke of the crowds that assembled there, but stated that there was nothing unusual in that, as it was the same elsewhere in the city.

It was agreed that appellant had no licenses to sell whiskey or beer during that time. A jury convicted him and assessed his fine at $300. The ground presented for a reversal of the judgment is that the Commonwealth failed to prove its case, as there was no proof of disorder, such as fights, boisterous conduct and loud noises. In the case of Kneiffler, et al. v. Commonwealth, 94 Ky., 359, the court said:

"An actual disturbance of the public peace is not indispensable to constitute the offense of keeping a disorderly house. But it is enough that acts be there done contrary to law and subversive of public morals, health or safety."

In the case of Cheek v. Commonwealth, 97 Ky., 359, the only question presented was, as stated by the court:

The sole inquiry is, whether the simple act of selling pools in a house under the control of the person selling is punishable under an indictment for 'keeping a disorderly house.' "

The court determined this inquiry in the affirmative, and in discussing the matter, said:

"A disorderly house, in its restricted sense, is a house in which people abide, or to which they resort, disturbing the repose of the neighborhood; but in its more enlarged sense it includes bawdy houses, common gaming houses, and places of like character, to which people promiscuously resort for purposes injurious to the public morals, or health, or convenience or safety.

Nor is it essential that there be any disorder or disturbance in the sense that it disturbs the public peace or the quiet of the neighborhood. It is enough that the acts there done are contrary to law and subversive of public morals."

The sale of whiskey and beer without license is a violation of the law, and a sale thereof on Sunday is a violation of the law under any condition; therefore, as the testimony shows that appellant frequently sold whiskey and beer on Sunday and week days, and that he had no license to sell same at any time, within the twelve months preceding the finding of the indictment, the judgment is affirmed.