## Young & Boraby v. Commonwealth.

(Decided September 20, 1912.)

### Appeal from Barren Circuit Court.

1. Nuisance—When House is Disorderly.—In order to sustain a prosecution for maintaining a common nuisance in a house, it is not essential that such disorder be shown as would disturb the peace of the neighborhood. It is a disorderly house when the acts done there, from time to time, are contrary to law.

2. Local Option—Prosecution for Violation of Law—When Jury's Finding of Guilty Will Not be Disturbed.—In prosecutions for selling liquor in violation of a local option law, it does not require very convincing evidence to sustain a verdict of guilty; and, when a jury has passed on the question, its finding will not

be disturbed if there are any facts or circumstances upon which it can reasonably rest.

W. E. JONES for appellants.

JAMES GARNETT, Attornty General and O. S. HOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellants were fined $150.00, and sentenced to confinement for thirty days in jail for maintaining a common nuisance in Glasgow Junction. The fact relied upon as constituting the nuisance was the operating of a restaurant by appellants in which spirituous, vinous and malt liquors were sold in local option territory. For a reversal of the judgment, counsel for appellants, in their brief, confine their argument to two points and insist: (1) That to constitute a common nuisance there must be more than a single offense—in this case, more than a single sale of liquor; and (2) that the verdict is against the evidence.

The first ground need not be considered separately since the evidence shows the sales were many and continuous, as will easily appear from a review of the evidence. Alfonso Hazelip testified that he asked for "Maltina" and got beer; while Alonzo Hazelip says he drank "Mead" and beer in appellants' place. The last named witness further testified that the beer he bought was contained in bottles labeled "Pabst's Beer," and that he bought it and drank it on a Sunday in their ice house in the rear of the restaurant. It further appears that appellants received shipments of between sixty and seventy barrels containing bottled goods labeled "Mead," but when one of the barrels burst in the depot it contained "Pabst's Beer." Furthermore, Dr. Holmes testified that he had often seen men go in appellants' restaurant sober, and come out drunk.

Was this testimony sufficient to sustain the conviction?

In Miller v. Commonwealth, 113 S. W., 519, we said:

"It was charged in the indictment that Miller maintained a common nuisance in a certain house which he held, by suffering persons to congregate there and become boisterous and disorderly and by suffering the sale of spirituous, vinous, and malt liquors there contrary to the statute. It is not essential that there be such dis-

order as to disturb the peace of the neighborhood. It is a disorderly house when the acts done there, from time to time, are contrary to law. 2 Roberson on Criminal Law, Sec. 639; Walker v. Commonwealth, 117 Ky., 727; 79 S. W., 191.''

See, also, Kneffler v. Commonwealth, 94 Ky., 359; Cheek v. Commonwealth, 97 Ky., 359, and Bitzer v. Commonwealth, 143 Ky., 212, in support of the same legal proposition.

And, as to the amount of evidence necessary to sustain a verdict in a case of this character, we laid down the following rule in Owens v. Commonwealth, 144 Ky., 550:

''Under an indictment for selling liquor in violation of the local option law, the appellant was convicted. He asks a reversal of the judgment against him on the ground that there was no evidence to support the verdict, and that the instructions were erroneous.

''The evidence of appellant's guilt is not satisfactory, but in this class of cases it does not and ought not to require very convincing evidence to sustain a verdict of guilty, and when a jury has passed on the question we will not disturb its finding if there are any facts or circumstances upon which it can reasonably rest. In these cases for violating the liquor laws in territory in which the sale of liquor is prohibited, trial courts and juries have exceptional opportunity for getting at the truth, and it is not often that juries and trial courts make the mistake of convicting an innocent man. They see things as they are on the ground, and many times little circumstances and incidents that do not get into the record and yet throw light on the question of the guilt or innocence of the accused are brought to their attention during the trial, and help them to dispense justice according to the right of the case. Of course, in these as in all other cases, there are certain principles of law to be applied, and by these principles the guilt or innocence of the defendant is to be determined. But, when the law is correctly given by the court, and the only question before us is whether or not the evidence warrants a conviction, we are strongly disposed to leave the settlement of this matter to the jury.''

In the case at bar, there was ample evidence to take the case to the jury; and, applying the rule above announced, we see no reason for disturbing their finding.

Judgment affirmed.