## Commonwealth v. Ruh, et al.

## Same v. Cody, et al.

(Decided February 9, 1917.)

## Appeals from Kenton Circuit Court.

Intoxicating Liquors—Illegal Sale—Nuisance—Injunction.—In the absence of a statute conferring such power, courts of equity will not, at the instance of the Commonwealth, enjoin the use of a building for the mere sale of intoxicating liquors on Sunday.

M. M. LOGAN, Attorney General; OVERTON S. HOGAN, Assistant Attorney General, and W. W. DICKERSON for appellant.

BYRNE & READ and M. L. GALVIN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

These two appeals involve the same question and
will be considered in one opinion.

Joseph L. Ruh conducts a saloon in the city of
Covington. Emma Ruh is the owner of the property in
which the saloon is conducted. Thomas R. Cody also
conducts a saloon in the city of Covington and the
Christian Moerlein Brewing Company is the owner of
the saloon property. Separate suits were brought by
the Commonwealth, on relation of the Attorney Gen-
eral, against the defendants below to enjoin them from
permitting their respective properties from being kept
open and used as a place for the sale of spirituous, vin-
ous and malt liquors on Sunday. On final hearing the
injunctions were denied, and the Commonwealth ap-
peals.

The petition in each case alleges that the defend-
ants had kept their saloons and places of business regu-
larly open for the sale of spirituous, vinous and malt
liquors and for the transaction of business in the usual
and customary way on Sunday of a certain date, and
on each and every Sunday next preceding said date for
at least three months. Each petition charges, in sub-
stance, the following facts: That on the several Sundays
mentioned the defendants sold and permitted to be sold
on their premises intoxicating liquors to a large num-
ber of persons, and suffered and permitted these per-
sons to become noisy, insulting, boisterous, profane,
drunk and disorderly on and about the premises and
streets in that vicinity; that the business engaged in
by the defendants on Sunday attracted to their places
of business a large number of dissolute and drunken
men and women from Cincinnati, and that their presence
had a demoralizing effect on the welfare and morals of
the community; that the acts of the defendants consti-
tuted a public nuisance, which the courts of Kenton
county and the city of Covington were wholly unable to
abate; that plaintiff had no adequate remedy at law,
and that the only available remedy was to restrain and
enjoin the defendants from continuing the nuisance,
which they would do unless restrained, to the great and
irreparable injury of the city of Covington and of the
Commonwealth of Kentucky. Thereafter amended peti-
tions were filed, alleging the same state of facts on Sun-

days subsequent to the filing of the petition. All these allegations were denied by answer, with the exception of the fact that the saloons had been kept open for the sale of intoxicating liquors on Sunday. Later on an amended answer was filed, denying that the defendants were then, or would in the future, continue to operate the business on Sunday.

In the Ruh case the demurrer of the Commonwealth to the amended answer was overruled, and, the case being submitted on the pleadings, the petition was dismissed.

In the suit against Cody the case was submitted upon the face of the papers and the injunction denied.

There is a marked distinction between the cases under consideration and the cases of Commonwealth v. McGovern, 116 Ky. 212, 75 S. W. 261, and Respass, &c. v. Commonwealth, 131 Ky. 807, 115 S. W. 1131. The first mentioned case is a leading case on the right of a court of equity in a suit by the Commonwealth to enjoin one from permitting the holding of a prize fight on his premises, on the ground that such use of his property will constitute a public nuisance. In that case, it appeared that there was a statute making it the duty of all judges of courts, on being informed that a prize fight was about to take place, "to suppress and prevent the same." Kentucky Statutes, section 1289. It further appeared that the holding of the prize fight would attract an immense crowd of lawless and turbulent men from all quarters, and that it would be impossible to prevent this by arresting the participants and those in attendance. The court held that the use of the building for the purpose of holding the prize fight was a nuisance *per se,* and that, under the statute, it was the duty of all officers, both judicial and ministerial, named therein, to act without delay for the purpose of preventing and suppressing the fight. To this end they were not required to wait for the fight to begin, or for the principals and others who were to engage therein to reach the place determined upon for the fight, before taking the necessary steps to prevent the same; but that as the prize fight could not be suppressed and prevented by the use of the means at the command of the criminal courts, the use of an injunction for this purpose was not only permissible under the statute, but was required by the statute. In the case of Respass, &c. v.

Commonwealth, *supra,* it appeared that the defendants had been conducting a poolroom or gambling house for a considerable length of time. There was attracted to their place of business large crowds of gamblers, criminals and other dissolute characters, who engaged in gambling contrary to law, and it further appeared that the criminal courts were powerless to abate the nuisance. Under these circumstances, it was held that the use of the building as a gambling house constituted a nuisance *per se* and could be enjoined at the instance of the Commonwealth. In the cases under consideration there is no proof that the defendants suffered and permitted large crowds of persons to assemble in their places of business and to become drunk and disorderly, or that the criminal courts and civil authorities were unable to cope with the situation. On the contrary, the cases were practiced in such a way as to eliminate all other features except the mere fact that the defendants kept their places of business open for selling, and did sell, intoxicating liquors on Sunday. Hence, the inadequacy of the criminal courts and the other attendant evils relied on in the petitions in the two cases, and made a basis for the decisions in the McGovern and Respass cases, are not present in the cases under consideration. That being true, it is unnecessary for us to determine whether an injunction would lie to prevent the use of a building for the sale of intoxicating liquors on Sunday, if it appeared that the defendants suffered and permitted large numbers of persons to congregate in their saloons on that day and become drunk and disorderly, and it further appeared that the criminal courts were unable to cope with the situation. The question actually presented is: Will a court of chancery, at the instance of the Commonwealth, enjoin the use of a building for the mere sale of intoxicating liquors on Sunday, in the absence of a statute authorizing such action? In many other jurisdictions there are statutes declaring that houses or tenements kept for the unlawful sale of intoxicating liquors shall be deemed public nuisances, and conferring on courts of chancery power to enjoin such nuisances. Such statutes have been held to be constitutional and the power thereby conferred has been frequently exercised. State v. Prouty, 115 Iowa 657, 84 N. W. 670; State v. Estep, 66 Kan. 416, 71 Pac. 857; State v. Lord, 8 Kan. App. 257, 55 Pac. 503; State v. Nelson

(N. D. 1904) 99 N. W. 1077; State v. Donavan, 10 N. D. 610, 88 N. W. 717; Davis v. Auld, 96 Me. 559, 52 Atl. 118; State v. Collins, 68 N. H. 299, 44 Atl. 495; State v. Collins, 74 Vt. 43, 52 Atl. 69. Of course, decisions based on such statutes are not controlling in states where no such statutes are in force. While we have recognized the rule that places where intoxicating liquors are sold contrary to law are disorderly houses and may be proceeded against by indictment, we have never gone to the extent of holding that such places may be abated by injunctive process. Bitzer v. Commonwealth, 143 Ky. 212, 136 S. W. 221. Indeed, the generally accepted doctrine is that the keeping of a place where intoxicating liquors are sold contrary to law does not constitute such place a nuisance *per se* that courts of equity will abate by injunction. Territory of Oklahoma, &c. v. J. M. Robertson, &c., 19 Okla. 149; Joyce on "Nuisance," section 415. The argument in favor of injunctive relief is founded on the fact that the sale of liquors on Sunday is prohibited by law. In this connection, however, we must not overlook the fact, that the statutes prohibit the doing of any business on Sunday except works of necessity. If the use of buildings for the sale of liquors on Sunday may be enjoined, it is not perceived upon what reasonable ground the use of a building for doing any other business on that day, in violation of the law, may not also be enjoined. If the rule be once established, there is no limit to which the doctrine may not be extended. Instead of confining injunctive relief to cases of urgent or pressing necessity, we shall find that it will be asked for and granted in nearly every case of a simple violation of the criminal law, thus resulting in government by injunction—a kind of government to which our people have always been strongly opposed. Until the people speak through their legislative department and provide a different rule, as has been done in other states, we think it better to confine the high powers of the courts of chancery within the limits heretofore fixed, rather than to branch out into new fields and endeavor, by means of the extraordinary writ of injunction, to remedy those conditions which the founders of our government intended should be dealt with by our criminal courts. It follows that the injunctions were properly denied.

Judgment affirmed.

Whole court sitting. Judge Thomas dissenting.

DISSENTING OPINION BY JUDGE THOMAS.

I agree with the opinion·in so far as it determines that, under the condition of the record, all questions of the creation or maintenance of a nuisance by the defendants permitting noisy or disorderly crowds to assemble on their·premises are eliminated; but I am· of the opinion that the answers as ·drawn admit the continuous illegal sale of intoxicants by the defendants on Sunday, in open violation of the law, and that they kept their houses open for that purpose, and that persons resorted to the places of business of ·the defendants for the purpose of buying liquor on continuous Sundays, immediately preceding the filing of the suits, ·and they did · buy it, which, according to my opinion, constitutes a public nuisance, to abate which the·remedy sought in these cases is applicable. For this reason I dissent from the opinion.