183 P.2d 153

**STATE ex rel. McCULLOH et al. v. POLHEMUS.**

No. 5017.

Supreme Court of New Mexico.
June 24, 1947.

Rehearing Denied Aug. 15, 1947.

Harry L. Bigbee, of Santa Fe, for appellants.

Charles B. Barker, of Santa Fe, and W. A. Sutherland, of Las Cruces, for appellee.

McGHEE, Justice.

This action was filed in the name of the state on the relation of the Attorney General and the members of the Basic Science Board, and asked that the defendant be enjoined from practicing any of the healing arts.

The defendant questioned the right of the then relators to so appear. The trial court overruled his contention as to the Attorney General and sustained it as to the members of the Basic Science Board. The Attorney General was then allowed, over the objection of the defendant, to join the Department of Public Health and the District Attorney of the First Judicial District as relators, and the case so pro-

ceeded. The defendant did not call for proof of authority, take a cross appeal, nor assign error here, but in his brief and in the oral argument claims there is nothing in the record to show the Department of Public Health authorized such action, and that the Attorney General and District Attorney do not have the authority to so appear. In the absence of proof to the contrary, we will assume that the Attorney General had proper authority from the Department of Public Health. His contention that the Attorney General and District Attorney do not have the authority to appear as relators on behalf of the state is without merit. State v. Connelly, 39 N.M. 312, 46 P.2d 1097, 100 A.L.R. 878; art. 6, Sec. 24, N.M. Constitution. See also State v. District Court, 39 N.M. 523, 51 P.2d 239; State v. Compere, infra.

The trial court found that the defendant has been for many years advertising and holding himself out as competent to diagnose physical ailments and diseases, and that during this time has had more than 3,000 patients at his office in Santa Fe where he has advised and treated them for compensation; that he does not hold a license from any board in this state; that his treatment of all diseases consists of one or all of the following methods: (1) colonic irrigation, (2) diet, (3) steam baths, (4) the use of certain herbs, or herb compounds, including senna leaves, licorice root and psyllium seeds, all ground and mixed in powder form. It further found that the defendant is unskilled and uninformed in the practice of medicine, and the diagnosis of the diseases of the body; that at least three of the patients of the defendant, and who were treated by him, died shortly prior to the filing of this action; that proper medical or surgical treatment may and could have prolonged their lives; that many, if not all, of his patients regard him as a physician specially skilled and versed in the healing arts and in the diagnosis and treatment of diseases and bodily ailments generally, and competent to diagnose and treat all manner of sickness.

Findings Nos. 12, 18 and 19 read:

"12. The treatment by defendant of all diseases treated by him consists in one or more, or all, of the following methods: (1) colonic irrigation, (2) diet, (3) steam baths, (4) the use of certain herbs, or herb compounds, including senna leaves, licorice root and psyllium seeds, all ground and mixed in a powder form.

"18. To the extent that the defendant engages in practice of medicine, and of prescribing for or treating diseases or bodily ailments requiring surgery or medication, his practice constitutes a nuisance and a menace to the public health.

"19. To the extent that the defendant's practice is strictly confined to naturopathic methods, with examinations and diagnosis

only to determine if the patient's ailment is properly treatable by such methods, and where his patients are not misled but are informed that defendant means to limit his treatments to naturopathic methods and subjects and that he does not profess to have ability to diagnose diseases generally, nor to determine or advise when medication or surgery is required, his practice does not constitute a public nuisance or a menace to the public health.

"In other words, as long as defendant's patients know that his practice is confined to use of the naturopathic methods mentioned in Finding twelve (12) above, and that he does not pretend to have ability to treat any diseases or causes except such as respond to such methods, and does not profess always to know whether or not the patient has such an ailment as will respond to such treatments, and does not hold out himself to be a regular and qualified physician or his method to be a 'cure-all,' the patient has fair warning, and the public health is not endangered by defendant's practice."

The operative part of the decree reads:

"1. The defendant should be and hereby is permanently enjoined and restrained from engaging in the practice of medicine, and from in any manner holding himself out or advertising himself to be one qualified to practice medicine, and from administering drugs, or diagnosing ailments, treat-

ing or advising patients under the general practice of medicine. Defendant's engaging in any of the matters and things aforesaid from which he is hereby directed to be restrained constitutes and is a danger to the public health and a nuisance.

"2. The defendant's practice of naturopathy, strictly confined within the limits of that branch of the healing arts and of the methods of treatment employed therein, as outlined in the Court's Findings of Fact, does not in itself constitute a public nuisance or a danger to the public health and injunction against such practice should not be ordered herein so long as defendant's practice conforms with the requirements of the Court's Findings of Fact No. 12 and defendant does not fail in the duty prescribed upon him in Finding of Fact No. 16, and complies with the requirements of the Court set forth in the Court's Finding of Fact No. 19."

It is from Finding No. 19 and paragraph 2 of the decree based thereon that the state has appealed.

█ A reading of the record shows everything is grist that comes to the defendant's mill; that he is incompetent to practice the healing arts and that his practice is a menace to the public health. To allow him to continue to practice the healing arts would be clearly dangerous to the health and lives of the people, and a nuisance. The trial court should have granted

an injunction as asked by the state. State v. Compere, 44 N.M. 414, 103 P.2d 273.

The decree will be reversed and the case remanded to the district court with instructions to grant an injunction as prayed in the complaint, and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

COMPTON, J., not participating.