195 P.2d 1017

**STATE v. JOHNSON et al.**

**No. 5101.**

Supreme Court of New Mexico.

July 19, 1948.

J. B. Newell, of Las Cruces, for appellants.

C. C. McCulloh, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellee.

COMPTON, Justice.

The New Mexico State Police seized gambling paraphernalia, devices and equipment in the adjoining club rooms of the Central Cafe and Mint Cafe in Ruidoso, New Mexico, consisting of twenty-one slot machines, three roulette tables and wheels, one chuck-a-luck table, three dice tables, and three Black Jack tables, three poker tables and eight decks of cards, two boxes of poker chips and certain money found in the slot machines allegedly used as part of the gambling operations of said machines.

Proceedings were immediately instituted by the District Attorney against the proprietors of the premises, Ted Johnson and Tommy Hicks, in Cause No. 5371, and Buford Fisher in Cause No. 5372 of the District Court of Lincoln County under the provisions of Section 41-2206, New Mexico Statutes, 1941 Comp., to enjoin and restrain them from thereafter gambling upon the premises. Defendants consented to the entry of an order thus enjoining and restraining them from engaging in gambling on the premises.

Subsequently, the District Attorney instituted this proceeding summarily to abate a public nuisance and destroy the property thus seized. By permission of the court, the defendants in the prior proceedings intervened and urged as a defense, among others, (1) that Sec. 41-2209, New Mexico Statutes, 1941 Comp., provides the exclusive remedy for the abatement of nuisances and the destruction of gambling paraphernalia, devices, equipment, etc., and (2) that in any event, the proceedings in the prior causes constituted a bar to the claims urged here. Appellants also seek restoration of the equipment, devices and paraphernalia.

The trial court made the following findings of fact:

"1. That the gambling paraphernalia described in the complaint was seized by officers of the New Mexico State Police in the performance of their duty and in the enforcement of the laws of the State of New Mexico.

"2. That said gambling paraphernalia was by the New Mexico State police turned over to the Sheriff of Lincoln County for safe keeping and it is now in his possession.

"3. That at the time of the seizure of said gambling paraphernalia, said gambling paraphernalia was being used for gambling purposes.

"4. That the gambling paraphernalia listed in the complaint together with the

equipment therein listed are gambling devices."

Under the frequently announced rule, findings supported by substantial evidence will not be disturbed upon review. We have examined the record and conclude that the findings are amply supported by the evidence. Consequently the facts for our consideration are those found by the trial court.

The decisive questions for our determination are (1) whether Section 41-2209, supra, affords an exclusive remedy for the abatement of public nuisances and the destruction of gambling devices, equipment, etc., and (2) whether Causes 5371-5372 are a bar to this proceeding.

Under Section 41-2209, supra, where an injunction has issued, gambling paraphernalia, devices, equipment, etc., *may* be destroyed by order of the district court. From a consideration of this section it is obvious that the statute is merely permissive. It does not purport to modify or impair the common law powers of the courts, summarily to abate a public nuisance.

At 39 A. J. "Nuisances", the author expresses the rule in the following language:

Sec. 14. "* * * As a rule, statutes declaring certain things to be nuisances which were nuisances at common law are held to be merely declaratory of the common law and not to supersede the common law as to other acts which constitute a public nuisance at common law, nor, *as a rule, do statutory remedies for the abatement of nuisances supersede existing common law remedies.*"

Sec. 183. "The summary abatement of nuisances without judicial process or proceeding was well known to the common law long prior to the adoption of the Constitution, and hence, is not within the prohibition of the provisions of that instrument, and exists in the absence of statute. Subject to limitations hereafter stated, *the right may be exercised by public officers,* municipal corporations, and by private individuals. * * *"

Sec. 187. "* * * Things which are by the common or statutory law declared to be nuisances per se, or which are by their very nature palpably and indisputably such, may be abated or destroyed without notice or hearing. And *where a statute so specifically defines what shall constitute a nuisance as to leave no room for latitude on the question, officials are authorized and protected in abating such described nuisances,* and no notice of hearing is essential." (Emphasis ours.)

The former proceedings were directed at certain persons to enjoin and restrain them from gambling upon the premises; whereas, this proceeding is directed against the gambling paraphernalia itself, to abate and destroy it. The former proceedings were

in personam, the latter in rem. Separate causes of action are seen to exist.

█ Courts generally hold that where a single cause of action exists, a judgment between the same parties or their privies, operates as a bar to any subsequent action on what was· or might have been litigated, but this rule does not exist where there are separate and distinct causes of action. And this general rule has been modified in this jurisdiction. In re: McMillan's Estate, 38 N.M. 347, 33 P.2d 369; Flint v. Kimbrough, 45 N.M. 342, 343, 115 P.2d 84; McCarthy v. Kay, 52 N.M. 5, 189 P.2d 450; Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636, 142 A.L.R. 1237.

In McCarthy v. Kay, supra, in discussing the doctrine res judicata, we said [52 N.M. 5, 189 P.2d 451]:

"The defendant quotes that part of the opinion in Floersheim v. Board of County Commissioners, 28 N.M. 330, 212 P. 451, to the effect that a judgment between the same parties or their privies operates as a bar to a subsequent action not only on what was litigated, *but what might have been litigated*. This court has whittled away at the rule stated in the italicized language for years, and finally in Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636, 142 A.L.R. 1237, assembled the authorities on the point, and held that the prior judgment between the same parties operated as an estoppel only as to questions of fact in issue in the prior case which were essential .to a decision therein and upon the ·determination of which the prior judgment was rendered."

█ We conclude that the powers of the courts have neither been modified nor impaired by any statutory provision, nor is appellee barred from maintaining this action. ·

█ Appellants not only urged the restoration of the gambling paraphernalia and devices, but tersely pose the question:. If the money is not to be restored what disposition will the court make of it? A sufficient answer is that when the money was placed in the slot machines and set aside as an inducement to play them, it became a component part of such gambling devices, contraband, and subject to seizure. The use of the money thus made by the appellants, resulted in a forfeiture of their dominion and ownership of it, and they cannot now make inquiry concerning its disposition.

█ That money, segregated as gambling paraphernalia, cannot be restored to the former owner is a recently announced doctrine. See Dorrell v. Clark, 1931, 90 Mont. 585, 4 P.2d 712, 79 A.L.R. 1000, where the authorities are assembled. Courts of other jurisdictions have followed in rapid succession the reasoning of the Montana court, and courts now generally hold, and we think properly so, that money, which has been ear-marked as an integral part of gambling equipment, may be

seized as a gambling device. Moore v. Brett, 193 Okl. 627, 137 P.2d 539; State v. McNichols, 63 Idaho 100, 117 P.2d 468; Fairmont Engine Company v. Montgomery County 35 Pa.Super. 367, 5 A.2d 419; People v. Krol, 304 Mich. 623, 8 N.W.2d 662; State v. Klozar, Ohio App., 46 N.E.2d 474; Kenny v. Wakenfeld, 14 N.J.Misc. 322, 184 A. 737.

We approve the doctrine. Appellants have forfeited their ownership of the money and having thus forfeited it, are in no position to assert a claim of ownership, nor can they enlist the aid of the court even for the purpose of an inquiry when they must, as a basis of their claim, show that the money was being used by them in an illegal manner.

Many assignments of error have been urged, all of which have been noticed and considered, and are found without merit.

Finding no error, the judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.