215 P.2d 821

**STATE v. LAS CRUCES ELKS CLUB OF BENEVOLENT & PROTECTIVE ORDER OF ELKS et al.**

No. 5235.

Supreme Court of New Mexico.

March 1, 1950.

Shipley & Shipley, Alamogordo, for appellants.

Joe L. Martinez, Attorney General, Walter R. Kegel, Assistant Attorney General, for appellee.

LUJAN, Justice.

Following a raid by the Sheriff's force and members of the State Police on the club rooms of the intervenors in Las Cruces where a number of slot machines loaded with money were seized from a back room where they were for the time apparently stored, the District Attorney filed a petition in the District Court asking that they be ordered destroyed on the grounds that they were gambling paraphernalia, that their possession was unlawful under Section 41-2201, 1941 Compilation, and a public nuisance; and further that their possession was detrimental to the general welfare of the people of Dona Ana county and of the State of New Mexico.

The Elks Club and the Legion Post were permitted to intervene and set up their ownership of a number of the seized slot machines and resist the granting of the petition for their destruction.

The denials of the intervenors are artfully drawn. They do not deny that the slot machines are gambling paraphernalia, but "deny the conclusions stated in the petition that said property of your petitioner is gambling paraphernalia and that the possession and operation thereof is prohibited by the laws of the State of New Mexico, and deny the conclusion that this property is declared to be a public nuisance."

It was not denied that the slot machines were in the club rooms of the intervenors, although locked up in a back room, and on the argument it was conceded that they were not vending machines, and that the only use to which they could be put was for gambling unless, forsooth, one was sufficiently hard put for entertainment to buy one, load it with money and then play it.

Upon a consideration of the pleadings and the argument of counsel, the District Court entered an order directing the officers to destroy the slot machines, and this appeal followed.

The intervenors (appellants), recognize the fact that they have no more right to operate a slot machine or other gambling device than the most humble citizen of the state, notwithstanding the fact that, according to press reports, one district attorney who should have known better, was recently quoted as stating that he did not believe the antigambling laws applied to fraternal organizations or clubs.

Section 41-2201, 1941 Compilation, declares it unlawful to run any game of chance such as keno and many other games there enumerated, or any other game or games of chance played with dice, cards, punch boards, slot machines or any other gaming device by whatsoever name known, for money or anything of value, in the State of New Mexico.

Section 41-2209, 1941 Compilation declares the existence of any gaming house, gambling table, banking game, gaming paraphernalia, gaming devices or any kind of equipment of a gambling house is a public nuisance, and may be ordered destroyed by the district court upon any hearing for an injunction as provided by the terms of the anti-gambling Act.

Ballentine's Law Dictionary, p. 1210, defines a slot machine as a gambling device, but public knowledge that slot machines are gambling devices is so universal that it seems a waste of time and space to cite authorities to that effect. Our statute itself denounces them as a public nuisance, and under the authority we cited

with approval in State v. Johnson, 52 N.M. 229, 195 P.2d 1017, they are subject to summary destruction by the proper officers.

The other points urged by appellants have been considered. We find them to be without merit.

The term "gambling paraphernalia" sufficiently described these one-armed bandits, and the judgment will be affirmed.

It is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.