228 P.2d 950

**STATE v. ARDOVINO.**

No. 5324.

Supreme Court of New Mexico.

March 15, 1951.

J. B. Newell, Las Cruces, for appellant.

Joe L. Martinez, Atty. Gen., W. R. Kegel, Asst. Atty. Gen., for appellee.

FEDERICI, District Judge.

Appellant appeals from a conviction of ownership and possession of certain alleged gambling paraphernalia under § 41–2202, N. M.Stats.1941 Anno.

Appellant lists four assignments of error as follows:

"I.   The trial court erred in not instructing the jury to return a verdict of not guilty at the close of the state's case.

"II.   The trial court erred in refusing defendant's requested instruction No. 1.

"III.   The trial court erred in giving oral instructions to the jury.

"IV. The trial court erred in giving the 'Supplemental' instructions orally after argument of counsel."

Assignment of error No. II is abandoned by appellant in his brief in chief and the remaining three assignments of error are presented under three points as follows:

"I. Mere possession of slot machines, not exhibited for play but stored, is not an offense under our law.

"II. The giving of oral instructions, especially after argument of counsel and without opportunity to object prior thereto, constitutes reversible error.

"III. Unfair comment upon evidence amounting to a direction to find the defendant guilty is reversible error. By commenting upon the sufficiency of the evidence, warranting a conviction, usurped the function of the jury."

The facts in the case are before this court on an "Agreed statement of facts" which by stipulation constitutes the record on appeal in so far as the testimony is concerned, which agreed statement of facts is as follows:

"On June 23rd, 1949, a search warrant was issued by Hon. James B. McGhee, sitting in the Dona Ana County District Court, based upon an affidavit of Deputy Sheriff Roy L. Sandman that 'gambling is being conducted' on the premises of the defendant Ardovino; the warrant being in legal form and describing the premises owned by Ardovino. Armed with said Search Warrant said Deputy Sandman accompanied by J. D. Weir, A. R. Soper and and one C. A. Boggs, the latter two being members of the Dona Ana County Grand Jury then in session, they went to Ardovino's place about ten o'clock P.M., and upon arrival at Ardovino's home Deputy Sandman advised him he had a search warrant to search his premises for gambling equipment; Ardovino told them to go ahead and search; nothing was found in the home, nor was any gambling being conducted on the premises at that time. They then went to a barn or large outbuilding and in the rear portion thereof in a small store room they found three slot machines, machines had money in them but were on the floor and covered with other articles; they were not out in the open where they could be seen or played; the machines were confiscated and later destroyed.

"It is further agreed that the said transcript on Cause No. 5323 may be used by counsel of either side and by the court in considering this companion case, using any or all pertinent facts in evidence appearing therein or any motions or legal objections not appearing in the transcript in this cause, but which has application to this cause.

"The above constitutes a fair summarization of the testimony given by the witnesses in the trial.

"This cause went to the jury solely upon question of 'Ownership or possession' of gambling equipment."

The court will first dispose of appellant's points II and III.

■ This cause was consolidated for purposes of trial in the lower court with another cause entitled State of New Mexico v. Ardovino, being trial court cause No. 8137 (No. 5323 in this court), 55 N.M. 161, 228 P.2d 947. This cause was No. 8134 in the trial court and is No. 5324 in this court. Appellant assigns error predicated upon certain alleged instructions or comments given or made by the trial judge to the jury following argument of defense counsel, wherein the trial court made certain statements with reference to the sufficiency of the evidence to warrant a conviction, etc. An examination of the record and transcript in both cases disclosed that the alleged instructions or comments of the trial judge were made with reference only to trial court cause No. 8137 and not with reference to the case at bar, and did not involve the instant case and was undoubtedly so understood by the jury. Appellant's points II and III not being involved in the instant case, and the other case being decided by separate opinion by this court in cause No. 5323, no ruling is therefore proper in this cause on said two points.

We now turn our attention to the only remaining point in the case, which is whether or not the mere possession of slot machines, not exhibited for play but stored, is a violation of § 41–2202, N.M.Stats.1941 Anno.

In State v. Las Cruces Elks Club, 54 N.M. 137, 215 P.2d 821, 822, there was involved the identical fact situation as in the case at bar, namely, slot machines not exhibited for play but stored, and in that opinion we used this language: "Ballentine's Law Dictionary, p. 1210, defines a slot machine as a gambling device, but public knowledge that slot machines are gambling devices is so universal that it seems a waste of time and space to cite authorities to that effect. Our statute itself denounces them as a public nuisance, and under the authority we cited with approval in State v. Johnson, 52 N.M. 229, 195 P.2d 1017, they are subject to summary destruction by the proper officers."

The title of c. 86, N.M. Laws 1921, of which § 41–2202, N.M.Stats.1941 Anno. is a part, reads as follows: "An Act to *Prevent* and Prohibit Gambling in the State of New Mexico." (Emphasis ours.)

■ Under identical fact situations to hold that slot machines may be summarily destroyed as gambling paraphernalia, as we did in State v. Las Cruces Elks Club, supra, and yet follow the defendant's theory in this case that possession thereof is not a violation of the statute, would be to do violence to the legislative will. Obviously said § 41–2202, supra, was designed to *pre-*

*vent* gambling. (Emphasis ours) See People v. Kay, 38 Cal.App.Supp.2d 759, 102 P. 2d 1110; Hurvich v. State, 230 Ala. 578, 162 So. 362, 363, and Bobel v. People, 173 Ill. 19, 50 N.E. 322.

Since slot machines loaded with money can obviously be used only for the purpose of gambling, or as a game of chance, as defined by our statutes, it follows that their possession is a violation of law as contemplated by said Chapter 86 N. M. Session Laws 1921, and more specifically as contemplated by section 2 thereof, being § 41–2202, N.M.Stats.1941 Anno.

The judgment will be affirmed and

It is so ordered.

LUJAN, C. J., SADLER and COORS, JJ., and SWOPE, D. J., concur.