333 P.2d 613

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Janice E. Miles DAVIS, Wandel Massey, Elgin Spahr, William C. (Claude) Davis, Danny Williams, Bertha Foster, Alpha and Omega, a Non-profit Corporation, and Fred Zeissel, Defendants-Appellants.**

No. 6413.

Supreme Court of New Mexico.

Dec. 19, 1958.

Hartley, Buzzard & Patton, Clovis, for appellants.

Fred M. Standley, Atty. Gen., Hilton A. Dickson, Jr., Robert F. Pyatt, Asst. Attys. Gen., for appellee.

SHILLINGLAW, Justice.

Alpha and Omega is a nonprofit association organized for the promotion of the pleasure and recreation of the membership, to promote the civil welfare of the community, and to do such other things as might properly be done under the laws of the State of New Mexico. The club is located in a rented building on U. S. Highway 70 about three miles south of Clovis, New Mexico, in Curry County. The sale of alcoholic liquor being illegal in Curry County, the club maintains facilities whereby members may bring packaged liquor onto the premises for later consumption. Under the club's rules, packages are marked as property of the owning member and stored away until required by the member, at which time a service charge is collected. Although we have our doubts as to what contribution the association may be making to the "civil welfare" of the community, such arrangement is entirely legal under our statutes.

Following the conviction of defendants Elgin Spahr and William C. Davis for the sale of alcoholic liquor on the premises of the club, without a license to do so, and during the pendency of the appeal taken from that conviction, later reported as State v. Spahr, 64 N.M. 395, 328 P.2d 1093, the District Attorney of Curry County filed a complaint on the civil side of the District Court of Curry County asking that the premises be closed. This complaint named as defendants the Alpha and Omega Club, a nonprofit association; Janice E. Miles Davis and Wandel Massey as organizers and members and the latter as owner of the premises occupied by the association; Elgin Spahr as bartender; William C. (Claude) Davis as manager; and other defendants who were later dismissed. The complaint stated the prior criminal conviction and a belief in continued repetition of the illegal liquor sales on the premises and alleged "that by reason of the manner in which said Association has been conducted in said premises, * * * same constitutes a * * * public nuisance * * * and * * * the defendants [should] be enjoined from their illegal activities, and the premises closured."

A hearing was held at which no testimony was taken, although certain stipulations were entered and the court received certain exhibits tendered by the state. The court subsequently entered a decree finding that the defendants were maintaining a public nuisance and containing the following injunctive measures:

" * * * [T]he said building * * is hereby closed for all purposes and shall not be reopened until such time as the defendant, Wandel Massey, or his successor in title, posts a cash bond in the sum of $1,000.00 with the Clerk of this Court conditioned upon his, or his successors' in title, keeping said premises free from the presence of alcoholic liquor for such time as the electorate of Curry County, or the political subdivision wherein the premises lie, shall have rejected the provisions of the local option laws of the State of New Mexico."

The Alpha and Omega Club, Wandel Massey, and Elgin Spahr bring this appeal, judgment having been rendered by default against the defendants Janice E. Miles Davis and William C. (Claude) Davis.

Appellants designate eight points relied upon for reversal, points I, II, and III reading as follows:

"I. Premises upon which alcoholic liquor is sold in violation of statute is not a nuisance per se, and such premises cannot be closed or their operation enjoined on that ground.

"II. In order that it be shown that premises upon which alcoholic liquor is sold in violation of statute constitutes a nuisance per accidens, it is necessary to show more than illegal sale in order to justify injunctive relief.

"III. When the conduct charged in a complaint based on nuisance does not constitute a nuisance per se, the mere allegation that such conduct is a nuisance does not state a claim sufficient to withstand a motion to dismiss."

■ That our courts have the power to grant injunctive relief for the protection of public rights, property, safety, and welfare where the act complained of constitutes a crime was established in the case of Town of Gallup v. Constant, 36 N.M. 211, 11 P.2d 962, and we stated in the case of State ex rel. Marron v. Compere, 44 N.M. 414, 103 P.2d 273, 275:

"Power to abate a public nuisance is an old head of equity jurisdiction. True, there was a time when courts of equity denied their right to enjoin an act of a criminal nature, or an offense against the public, even if amounting to a public nuisance, which did not touch the enjoyment of property. * * But that injunctive relief may be employed to protect the public health, morals, safety and welfare from irreparable injury by a public nuisance, seems now well established. Nor will the fact that the acts constituting the

nuisance are punishable criminally deprive equity of its power to enjoin in a proper case. Equity acts in such cases, not because the acts are criminal, but rather in spite of that fact."

But we also held in that case that more than a mere violation of the criminal statute must be shown before a court would be justified in enjoining a defendant's conduct as a public nuisance. Here we have evidence of only one illegal sale.

■ An act may be enjoined as constituting a public nuisance where: (1) declared by statute to be a nuisance per se, State v. Johnson, 52 N.M. 229, 195 P.2d 1017; State v. Las Cruces Elks Club of Benev. & Protective Order of Elks, 54 N.M. 137, 215 P.2d 821; (2) in the absence of a statute the act would constitute a common law nuisance per se, State ex rel. McCulloh v. Polhemus, 51 N.M. 282, 183 P.2d 153; (3) because of the time, place, or circumstances involved, an act may cause irreparable injury to the public health, morals, safety, or welfare, State ex rel. Marron v. Compere, supra; Town of Gallup v. Constant, supra, but in this instance the state must plead and prove that the act does in fact have an adverse effect on the general public, State v. Johnson, 26 N.M. 20, 188 P. 1109.

■ According to the Compere case, supra, the state cannot obtain an injunction simply because certain conduct is a crime, so we must ascertain here if the conduct of these defendants falls within any of the three categories listed above.

■ There is no statute in New Mexico which declares the illegal sale of alcoholic beverages to be a nuisance, such provision having been expressly repealed by § 1902 of ch. 236, Laws of 1939. Such an express repeal would even suggest that our legislature intended that something more than the sale of alcoholic liquor must be shown before such act could be restrained as a public nuisance. State v. Prince, 52 N.M. 15, 189 P.2d 993.

Neither does the illegal sale of alcoholic beverages constitute a nuisance per se under the common law decisions. Mears v. Colonial Beach, 166 Va. 278, 184 S.E. 175; Commonwealth v. Ruh, 173 Ky. 771, 191 S.W. 498, L.R.A.1917D, 283; Territory v. Robertson, 19 Okl. 149, 92 P. 144; State ex rel. Wallach v. Oehler, Mo.App., 159 S.W.2d 313.

Not falling into the category of a nuisance per se, in order for the injunction to be sustained the activity complained of herein must fall into the third category of public nuisances—those which may be enjoined because of an adverse effect on the general public due to the peculiar time, place, or circumstances involved. The state's evidence tended to show that the

defendants, or some of them, were guilty of one illegal liquor sale but we can find nothing in the record which would show that the premises in question had any adverse effect on the public peace. And in its complaint the state has alleged no more than the sale of alcoholic liquor and has merely pleaded the conclusion that this was a nuisance.

■ The nuisance alleged is not a statutory nuisance per se nor is it a common law nuisance per se, and there being no facts specially alleged or proven so as to constitute a nuisance falling into the third category, the trial court committed error in granting the injunction on the basis of the pleading and evidence before it

The defendants raise other interesting arguments but we find it unnecessary to consider them in view of our holdings above. The judgment of the court below will be reversed and the cause remanded with directions to dismiss the complaint as to the appellants Alpha and Omega Club, Wandel Massey, and Elgin Spahr.

It is so ordered.

LUJAN, C. J., and McGHEE, J., concur.

SADLER, J., not participating.

COMPTON, Justice.

I dissent.