405 P.2d 759

The **STATE** of New Mexico, Plaintiff-Appellee,

v.

**Joe CASAREZ, Defendant-Appellant.**

**No. 7745.**

Supreme Court of New Mexico.

Sept. 13, 1965.

Blythe & Norvell, Clovis, for appellant.

Earl E. Hartley, Atty. Gen., Roy G. Hill, George Richard Schmitt, Asst. Attys. Gen., Santa Fe, for appellee.

NOBLE, Justice.

Joe Casarez, who had previously been convicted of operating a gambling game

for money contrary to § 40–22–2, N.M.S.A. 1953, requested the return of $887.43 confiscated by police officers and held in suspense by the clerk of the district court of Curry County. The trial court found that this was money being used in a gambling game and entered a judgment forfeiting said money and directing the clerk to deliver it to the county treasurer for the public school fund of the state. Casarez has appealed from the judgment declaring the money forfeited.

■ He first attacks the finding that the money was used in a gambling game as being without substantial support in evidence. We cannot agree. The facts stipulated by the parties substantially support the court's finding in this respect.

■ It is contended that the court erred in ordering the forfeiture because this money was not an integral part of the gambling paraphernalia, equipment, or devices within the meaning of § 40–22–8, N.M.S.A. 1953, as construed and applied in State v. Johnson, 52 N.M. 229, 195 P.2d 1017. The parties, however, stipulated that when the police officers stopped the gambling game, a large pile of money was on the gambling table and that when Casarez was searched, no money was found on his person. He was then observed to walk near the table where the money lay and, shortly thereafter, all the money on the table except $14.43 was found to have disappeared. A subsequent search of Casarez resulted in the discovery of $873.00 in his pockets. Defendant asserts that the money had not become a component part of the gambling devices because it was not positively identified as the money used in the game and because it was in his exclusive possession.

Such argument flies in the face of reality. Had the money remained on the table, no one would seriously deny its positive identification as an integral part of the gambling paraphernalia. Surely the result cannot be different where it must be obvious that Casarez, after his arrest, removed the money from the table to his pockets.

[3] We held in State v. Johnson, supra, that money, segregated as gambling paraphernalia, cannot be restored to the former owner, but that such money "which has been ear-marked as an integral part of gambling equipment, may be seized as a gambling device." Defendant attempts to restrict the rule of Johnson narrowly to the facts therein involved and contends that it is limited to situations where money is placed inside a gambling device such as a slot machine and becomes a component part thereof. We do not construe the Johnson rule as confined to such narrow limits. See Fairmount Engine Co. v. Montgomery County, 135 Pa.Super. 367, 5 A.2d 419; Kenny v. Wachenfeld, 184 A. 737, 14 N.J. Misc. 322.

We are convinced that the trial court's conclusion is supported by the evidence and

by the law, as enunciated by this court in the Johnson case.

Other questions presented are either disposed of by what has been said or are found to be without merit.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.