[No. 3837-1. Division One. January 31, 1977.]

*In the Matter of the Destruction of*
ONE GAMBLING DEVICE.

*Harry B. Platis,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *David T. Patterson, Deputy,* for respondent.

CALLOW, J.—This case involves the seizure of an apparently inoperable slot machine.

Larry Love was the owner of Broadway Loan in Everett, Washington, when the Snohomish County Sheriff and the Prosecuting Attorney, acting pursuant to RCW 9.46.020 and 9.46.230, seized the slot machine on the business premises. The slot machine was manufactured in 1928 and had been purchased by Love from a man who had acquired it at public auction where many similar machines were sold to the public. Mr. Love knew the machine was not operable at the time it was purchased. When it was seized, a deputy prosecuting attorney attempted to operate the device on four different occasions and found it inoperable. An agent of the Federal Bureau of Investigation also inspected the slot machine after it was seized, and informed Mr. Love that it was considered an antique and nonoperable.

Following the seizure, the State petitioned for an order authorizing the destruction of the slot machine. Following a hearing, the trial court entered the following findings, conclusions, and order:

FINDINGS OF FACT

I.

That the respondent, Larry A. Love, concedes that the device in question is a slot machine.

II.

That a slot machine is a gambling device as defined by RCW 9.46.020 (9).

From the foregoing findings of fact this court now makes the following

CONCLUSIONS OF LAW

I.

That the device in question is a gambling device as defined by RCW 9.46.020 (9).

II.

That a non-working gambling device is a subassembly or essential part of a gambling device.

III.

That the device in question is a common nuisance as defined by RCW 9.46.230 and is subject to confiscation and destruction.

ORDER

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Sheriff of Snohomish County is hereby ordered to destroy the device described herein, to-wit: one slot machine, serial number 507100.

Love appeals the decree ordering the destruction of the slot machine.

The issues raised are (a) whether the device seized is a "gambling device" under RCW 9.46.020(9), and (b) whether confiscation and destruction under RCW 9.46.230 of the slot machine is invalid as an arbitrary and unreasonable exercise of police power.

A gambling device is defined by RCW 9.46.020(9) as follows:

"Gambling device" means: (a) Any device or mechanism the operation of which a right to money, credits, deposits or other things of value may be created, in return for a consideration, as the result of the operation of

an element of chance; (b) any device or mechanism which, when operated for a consideration, does not return the same value or thing of value for the same consideration upon each operation thereof; (c) any device, mechanism, furniture, fixture, construction or installation designed primarily for use in connection with professional gambling; and (d) any subassembly or essential part designed or intended for use in connection with any such device, mechanism, furniture, fixture, construction or installation. . . .

■ *State ex rel. Evans v. Brotherhood of Friends*, 41 Wn.2d 133, 247 P.2d 787 (1952), held that slot machines of the usual type and variety were mechanical lotteries and that their operation or possession was illegal. *See* Const. art. 2, § 24; RCW 9.46. While the case involved issues not before us here, it discussed slot machines as follows, at pages 136-37:

> The slot machines are mechanical devices of the usual variety, operated with coins of the United States of the denominations indicated above. A coin is inserted in a slot. The player pulls and releases a lever. This actuates three wheels or drums in the machine, causing them to revolve rapidly for a matter of seconds. A variety of symbols are imprinted or painted upon the outside surfaces of the revolving wheels or drums. The internal mechanism stops the revolving drums, and the symbols on each of the wheels line up in parallel designs or patterns, several of which are visible under a glass viewplate on the front of the machine. When certain combinations are thus lined up, the machine may return nothing, or *automatically*, it may award from three to eighteen coins to the player.

The deputy prosecuting attorney, describing the device seized from the appellant, stated in an affidavit:

> That the device is of the type commonly referred to as a slot machine and consists of a box with viewing windows through which a combination of symbols may be seen and by which a right to money, credits, deposits or other things of value may be created, in return for a consideration, as the result of the operation of an element of chance.

The striking similarity between the description of slot ma-

chines in *State ex rel. Evans v. Brotherhood of Friends, supra*, and that given of the device seized makes it apparent that the machine in question is the same type of gambling device as proscribed by the present statute.

In *State v. Nelson*, 210 Kan. 439, 442, 502 P.2d 841 (1972), it was held that the Kansas Constitution prohibited lotteries, that lotteries were comprised of three elements, (1) consideration, (2) prize, and (3) chance, and the opinion unqualifiedly stated,

> A slot machine is designed and utilized as a gambling device. We held in *State, ex rel., v. Myers*, 152 Kan. 52, 102 P. 2d 1028, that a slot machine is a gambling device per se. Other states have found slot machines to be lotteries. (*State v. Brotherhood of Friends*, [Wash. 1952], 247 P. 2d 787.) The judicial council notes appended to K. S. A. 1971 Supp. 21-4302 state a "slot machine is probably the most familiar type of gambling device."

It is immaterial, under the Washington statute, whether the slot machine was operable or inoperable, repairable or unrepairable, for there is no question but that it was primarily designed for use in connection with professional gambling and, therefore, is a prohibited gambling device. If the obvious purpose of a machine is gambling, it is illegal whatever its state of repair. The legislative purpose in this state was to ban from the state all machines that when operated for a consideration would by chance return a prize to the operator. Similar legislation has been adopted by federal and other state legislative bodies to achieve the same end and has been enforced resolutely. *See United States v. Ansani*, 138 F. Supp. 454 (N.D. Ill. 1956); *Scott v. State*, 1 Md. App. 481, 231 A.2d 728 (1967); *Morgan v. State ex rel. District Attorney*, 208 Miss. 185, 44 So. 2d 45 (1950). These statutes intend to outlaw those machines that are to be used as gambling devices. As thoughtfully stated some years ago:

> Slot machines are mechanical gamblers, and being impassive, and having no sensations of any sort, they are more likely to win than gambling games which are run by gamblers, who have all of the human passions and feel-

ings. Playing against a slot machine is a struggle between a man and a machine—a man with nerves and emotions —a machine with no nerves and no emotions.

*Territory v. Jones*, 14 N.M. 579, 586, 99 P. 338, 340 (1908).

We agree with the trial court that the slot machine that was seized was a gambling device.

■ Confiscation and destruction of the machine under the provisions of RCW 9.46.230 is a valid exercise of the police power. RCW 9.46.230 provides in part:

(1) All gambling devices as defined in RCW 9.46.020(9) are common nuisances and shall be subject to seizure, immediately upon detection by any peace officer, and to confiscation and destruction by order of a superior or district justice court, except when in the possession of officers enforcing this chapter.

(2) No property right in any gambling device as defined in RCW 9.46.020(9) shall exist or be recognized in any person, except the possessory right of officers enforcing this chapter.

This statute is a legitimate exercise of the police power of the state. Legislatures may empower law enforcement officers with the authority to seize and destroy public nuisances such as machines and devices designed and intended for use in the commission of crime. Slot machines are designed for operation as gambling devices, a criminal purpose, and the possessor of such property is not entitled to protection by more than is provided by the provisions of RCW 9.46.230. In the exercise of the police power in relation to gambling devices, the devices may be seized, and following a hearing as was held here and the entry of an order of court as provided by RCW 9.46.230, those items found to be gambling devices under RCW 9.46.020(9) may be destroyed. *State v. Conifer Enterprises, Inc.*, 82 Wn.2d 94, 508 P.2d 149 (1973); *State ex rel. Schillberg v. Safeway Stores, Inc.*, 75 Wn.2d 339, 450 P.2d 949 (1969). *See also J.B. Mullen & Co. v. Moseley*, 13 Idaho 457, 90 P. 986 (1907); *State v. Robbins*, 124 Ind. 308, 24 N.E. 978 (1890); *Board of Police Comm'rs v. Wagner*, 93 Md. 182, 48 A. 455

(1901). As stated in *Garland Novelty Co. v. State*, 71 Ark. 138, 142, 71 S.W. 257, 258-59 (1902):

> Whenever such tables and devices are used, the law is violated, and it would therefore seem that a rational way to prohibit the offense and abate the nuisance is to destroy the instrument by which it is committed. While there are cases to the contrary in some of the states, we may say of those decisions, as the supreme court of the United States said of them, that they take a more technical view of the law than the necessities of the case or the adequate protection of the rights of property require. *Lawton v. Steele*, 152 U. S. 133.
>
> We are therefore of the opinion that our statute authorizing the summary destruction of gaming tables and gambling devices is not unconstitutional on the ground that it deprives the owner of his property without due process of law.

Likewise recognizing slot machines as public nuisances subject to obliteration is the opinion in *State v. Las Cruces Elks Club of B.P.O.E.*, 54 N.M. 137, 138, 215 P.2d 821, 822 (1950), which held:

> Ballentine's Law Dictionary, p. 1210, defines a slot machine as a gambling device, but public knowledge that slot machines are gambling devices is so universal that it seems a waste of time and space to cite authorities to that effect. Our statute itself denounces them as a public nuisance, and under the authority we cited with approval in *State v. Johnson*, 52 N.M. 229, 195 P.2d 1017, they are subject to summary destruction by the proper officers.

The order of the trial court is affirmed.

FARRIS and SWANSON, JJ., concur.