### W. S. HENSON AND H. R. PETTIGREW V. THE STATE.

No. 9636.   Delivered January 13, 1926.

Rehearing denied State February 17, 1926.

**1.—Violating Liquor Law—Indictment—Allegation and Proof—Variance Fatal.**

Where an indictment charges the possession of spirituous, vinous and malt liquors, for purposes of sale, containing in excess of one per cent. of alcohol, by volume, and the proof made by the state does not show that the liquor was either spirituous, vinous or malt liquor, the variance is fatal. Following Chavez v. State, 275 S. W. 1006.

ON REHEARING

**2.—Same—Continued.**

On rehearing the state insists that the courts recognizing that beer is an intoxicant, and the proof in the instant case having shown appellant to be in possession of "beer" sufficiently sustained the allegation in the indictment. While the weight of the authorities is that beer is an intoxicant, it is also recognized that there are many different kinds of beer that are not intoxicating, such as spruce beer, root beer, small beer, ginger beer, etc. There was no proof offered in the instant case that choc beer was intoxicating and we cannot recede from our position in our original opinion.

Appeal from the District Court of Archer County.   Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction for possession for purpose of sale spirituous, vinous and malt liquor containing in excess of one per cent, of alcohol by volume, penalty five years for each defendant in the penitentiary.

The opinion states the case.

*T. J. McMahon* of Archer City, for appellant.

*James V. Allred, Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellants were convicted in the District Court of Archer County, and their punishment assessed at five years each in the penitentiary.

The record discloses that the appellants were charged by indictment and convicted under the first count thereof, which alleged that they "did then and there unlawfully possess for the purpose of sale, spirituous, vinous and malt liquors containing in excess of one per cent of alcohol by volume, etc." This was the only count submitted by the court to the jury, and the one upon which the conviction was based. There are several questions raised on this appeal, but as the record is presented, there is only one question which we deem necessary to consider, and that is the sufficiency of the evidence to sustain the conviction. It will be observed from the above allegations in the indictment that appellants were charged with the unlawful possession for the purpose of sale of "spirituous, vinous and malt liquors." The testimony upon the part of the state shows that appellants were arrested at a tent where there were a couple of barrels of water and many bottles full of what was denominated by the witnesses as "choc beer." There is not a line of testimony showing how, or from what choc beer is made; and in fact nothing to support the allegations of the indictment to the effect that it was spirituous, vinous or malt liquors. Without proof by the state showing that choc beer was spirituous, vinous or malt liquors to sustain the allegations in the indictment, there is but one thing for this court to do and that is to hold that the evidence is insufficient to warrant the conviction. This court in the case of Chavez v. State, 275 S. W. 1006, under a similar indictment, where the evidence showed that the appellant was in possession of tequila, and the state failed to prove that tequila was spirituous, vinous and malt liquor, held, that the evidence was insufficient to sustain the allegations of the indictment. Under the Chavez case, supra, and the authorities therein cited, we are forced to the conclusion that the evidence is wholly insufficient to warrant the conviction, and the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Counsel for the state have filed a motion for rehearing in which it is contended that while there is no specific proof that "choc beer" was an intoxicating liquor, its designation as "beer", together with the proof that it contained about five per cent of alcohol at the time it was examined and probably contained about two per cent of alcohol at the time it was manufactured, would characterize it as an intoxicating liquor. While there is some conflict in the decisions of this state upon the subject, the great weight of judicial declaration is to the effect that under an indictment charging the possession of *intoxicating* liquor, proof that the liquid was beer meets the legal requirement. See Words & Phrases, 2nd Series, Vol. 1, p. 417; Black on Intoxicating Liquors, Sec. 17, p. 18; Moreno v. State, 143 S. W. Rep. 157. In the case last mentioned, great research is displayed in both the majority and dissenting opinions. The conclusion in the majority opinion that the proof that the beverage was beer was sufficient is in harmony with, as stated before, the great weight of authority, and with its correctness we find no occasion to take issue. The authorities cited in Moreno's case, supra, and elsewhere, take note of the fact, however, that not all beer is intoxicating, and where the article in question is described by some qualifying word, then proof of its intoxicating character is demanded. From the majority opinion in Moreno's case, supra, we quote:

"It may therefore be said that beer is a liquor infused with malt and prepared by fermentation for use as a beverage. As a consequence, when 'beer' is called for at a place at which intoxicating drinks are sold, the bartender, having in view the primary meaning as well as the common use of the word, is justified in inferring, and must reasonably infer, that malted and fermented beer is wanted. If any other kind of beer is desired, it is expected that qualifying words will be used, such as spruce beer, root beer, small beer, ginger beer, and the like, thus attaching a remote and secondary meaning to the word 'beer' as descriptive of the particular beverages."

In the present instance, it was not "beer" that was possessed but "choc beer". In the indictment, the state charged and assumed the burden of proving that the article possessed was

intoxicating.    This proof was not made by merely proving that it was "choc beer"; nor was it done by proof that at the time of its manufacture it contained two per cent of alcohol by volume.    The statute upon which the prosecution is founded, namely, Art. 666, P. C. 1925, denounces the possession of intoxicating liquors for the purpose of sale. The accompanying paragraph of (Art. 667, P. C. 1925) of the same statute denounces the possession of "potable liquors containing in excess of one per cent of alcohol by volume." These statutes denounce different offenses.    See Estell v. State, 91 Tex. Crim. Rep. 481. They were intended by the Legislature to meet the character of transaction now under consideration. If the state could not prove that the liquid was intoxicating, then it should have charged that the liquid possessed was "potable liquor containing in excess of one per cent of alcohol by volume." If the indictment had been so drawn the proof in the present case would have been sufficient.    As the case stands before this court, the appellants were indicted for one offense, named and denounced in Art. 666 P. C., and the proof established of a different offense, namely, that denounced in Art. 667, P. C.

The motion for rehearing is overruled.

*Overruled.*