### BARTON ROBATA v. THE STATE.

No. 10617.    Delivered March 16, 1927.

1.—**Possessing Liquor Containing Excess of One Per Cent Alcohol—Evidence—Analysis of Chemist—Properly Admitted.**

Where, on a trial for possessing spirituous, vinous and malt liquor containing in excess of one per cent of alcohol by volume, for the purpose of sale, an analysis made by a chemist of one bottle of the liquor seized was properly admitted, not being in any sense violation of Art. 692, P. C. 1925.

Following Austin v. State, 97 Tex. Crim. Rep. 360, and Burns v. State, 99 Tex. Crim. Rep. 252.

### 2.—Same—Evidence—"Beer" an Intoxicant.

Where the evidence presented upon the trial is to the effect that the liquor in question was "beer," this would be sufficient to support the charge in the indictment of the possession of spirituous, vinous and malt liquor containing in excess of one per cent of alcohol by volume. The court takes judicial knowledge of the fact that "beer" is a malt liquor, usable as a beverage, and contains more than one per cent of alcohol by volume. See Henson v. State, 280 S. W. 592.

Appeal from the District Court of Austin County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction for possessing, for the purpose of sale, spiritous, vinous and malt liquors containing in excess of one per cent of alcohol by volume, penalty one year in the penitentiary.

The opinion states the case.

*Jos. V. Frnka* of Columbus, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the possession, for the purpose of sale, of spirituous, vinous and malt liquors containing in excess of one per cent of alcohol by volume, punishment fixed at confinement in the penitentiary for one year.

There are two counts in the indictment. The first charges the unlawful possession, for the purpose of sale, of spirituous, vinous and malt liquor capable of producing intoxication. The second count charges the unlawful possession, for the purpose of sale, of spirituous, vinous and malt liquor containing in excess of one per cent of alcohol by volume. The conviction is upon the second count.

The appellant's premises were searched and 100 bottles of beer on ice were found which the witness declared was malt liquor capable of producing intoxication. It seems that the witness did not drink any of it at the time but drank some of it at a later date; that he reached the conclusion from the odor and taste of the article that it was beer and was intoxicating, though the quantity which he drank did not produce intoxication. The officer took possession of the bottles and delivered some of them to the County Attorney, who testified that the liquid was beer, a malt liquor capable of producing intoxication.

The contents of one of the bottles was analyzed by a chemist at Houston, who declared it to be beer containing 4.55 per cent of alcohol.

In his bills of exceptions, appellant complains that, over his objection, the court permitted the receipt in evidence of the testimony of the chemist mentioned.

Appellant takes the position that the law required the officer to preserve all the liquor seized and that his delivery of any of the seized property to a chemist for analysis was illegal to a degree that rendered the testimony of the result of the analysis inadmissible. The contention is based upon the construction of Art. 692, P. C., 1925, from which we take the following:

"All liquors and property so seized shall be preserved for use as evidence in the trial of any action growing out of such seizure and all officers seizing such liquors or property are hereby required to mark the date of the seizure and the name of the person from whom seized. Any officer who shall give away or dispose of any intoxicating liquor in violation of the provisions of this article, or who shall wilfully make a false report of intoxicating liquors or personal property used for the purpose of violating the intoxicating liquor laws, seized by him, shall be confined in the penitentiary for not less than one nor more than five years. Any officer who shall fail to comply with any other provision of this article shall be fined not less than twenty-five nor more than one hundred dollars, or to be imprisoned in jail not more than sixty days, or both."

We do not find ourselves in accord with the view of the appellant. A similar point was made in the case of Austin v. State, reported in 97 Tex. Crim. Rep. 360, in which case the sheriff who obtained possession of the property had failed to make a report of the receipt of it as required by the statute from which the quotation above is taken. From the opinion we quote:

"The learned judge, in the opinion of this court, correctly ruled that this omission was not an impediment to the use of the officer as a witness to facts within his knowledge relating to the seizure of the property, the identity of the possessor and other incidents of the transaction. * * * The learned trial judge, in our judgment, rightly held that the law was directed against carelessness and fraud of officers in their dealings with property seized by them without a warrant."

A similar ruling was also made in the case of Burns v. State, 99 Tex. Crim. Rep. 252. We will add that aside from the report of the chemist, we think the evidence heard upon the trial to the effect that the liquid was "beer" would be sufficient to sup-

port that part of the indictment charging the possession of spirituous, vinous and malt liquor containing in excess of one per cent of alcohol by volume. This, for the reason that the court takes judicial knowledge of the fact that "beer" is a malt liquor usable as a beverage and containing more than one per cent of alcohol by volume. See Henson v. State, 280 S. W. 592.

The quantity and the circumstances under which the liquor was possessed were sufficient to support the finding of the jury that the beer was possessed for the purpose of sale.

The judgment is affirmed.

*Affirmed.*