### J. B. ETHEREDGE V. THE STATE.

No. 10668.   Delivered March 23, 1927.

Rehearing denied October 12, 1927.

**1.—Sale of Malt Liquor, Containing in Excess of One Per Cent of Alcohol— Evidence—Held Sufficient.**

Where the evidence disclosed that appellant sold to state's witness six bottles of malt liquor, the contents of one of which was analyzed and found to contain 11.70 per cent alcohol, this evidence was sufficient to support the conviction. Distinguishing Henson v. State, 280 S. W. 592.

ON REHEARING.

**2.—Same—Continued.**

On rehearing, appellant contends that the bottle of malt liquor analyzed by the chemist was not sufficiently identified by the state. We cannot agree with this position, and appellant's motion for rehearing is overruled.

Appeal from the District Court of Williamson County. Tried below before the Hon. Cooper Sansom, Judge.

Appeal from a conviction for the sale of malt liquor containing

in excess of one per cent of alcohol, penalty one year in the penitentiary.

The opinion states the case.

*W. C. Wofford* of Taylor, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully selling malt liquors containing in excess of one per cent alcohol by volume, and his punishment assessed at one year in the penitentiary.

There are no bills of exception in the record, and the only question raised is the sufficiency of the evidence to sustain the verdict. The record discloses that the appellant sold to the state's witnesses Lawson and Taylor about six bottles filled with what the state contended was malt liquor, and that said witnesses immediately delivered these bottles to W. P. McConnell, a constable, who then delivered all or most of said bottles to Sheriff Lowe, who, in turn delivered one of the bottles to Dr. J. C. Godbey, a chemist. The witness Godbey testified that he analyzed the contents of the bottle delivered to him, and that said bottle was filled with malt liquor which contained 11.70 per cent alcohol. The appellant introduced no testimony, but relied for an acquittal upon the insufficiency of the state's testimony and insists that the testimony introduced by the state fails to show that the bottle concerning which the witness Godbey testified was one of the bottles alleged to have been sold by appellant to the witnesses Lawson and Taylor. After a careful examination of all the testimony adduced upon the trial, we are not in accord with this contention and are of the opinion that the state's evidence clearly shows that the liquid analyzed by the witness Godbey came from one of the six bottles sold by appellant to the state's witnesses Lawson and Taylor. We think, further, that the evidence of the state is amply sufficient to warrant the verdict of the jury herein.

The appellant cites Henson v. State, 280 S. W. 592, as authority for the proposition that the facts in the instant case are insufficient to support the verdict of the jury. In the Henson case the appellant was charged with possessing for sale spirituous, vinous and malt liquors containing in excess of 1 per cent alcohol by volume, while the evidence developed that Henson was found in possession of "choc beer" and there was no evidence

showing that said "choc beer" was either spirituous, vinous, or malt liquor. It was therefore held that the evidence was insufficient to support the allegations in the indictment. In the instant case the appellant was charged, under Art. 667, P. C., with selling malt liquor containing in excess of 1 per cent alcohol by volume, and the state proved that the article sold was malt liquor containing 11.70 per cent alcohol by volume. It therefore follows that in the instant case the evidence supports the allegations in the indictment and is therefore sufficient.

After a careful examination of the record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's contention is that the evidence is not sufficient to support the verdict. We have had some difficulty in satisfying ourselves on the question of identification of the bottle of malt liquor analyzed by the chemist as one of those bought from appellant. This arises in part from the fact that a number of bottles were evidently before the jury on this trial, and of course when the witness testified about "this bottle" or "these bottles," it was plain to the jury and trial court what bottle or bottles were indicated, but said language is not clear in the record, when the question of identity is raised. However, careful scrutiny reveals that a bottle which had been analyzed by said chemist, and its contents shown to be malt liquor of 11.70 per cent alcohol by volume—was by said chemist returned directly to the sheriff, and by the sheriff produced upon this trial along with other bottles which seemed to be still full of liquor and that said bottle was one sold by appellant. The bottle whose contents had been analyzed was empty at the trial. Witness McConnell testified that the six bottles of beer gotten from appellant were turned over to him, and by him marked by scratching an E on the top of each bottle. At the time he had another bottle gotten from another party upon the top of which he scratched a P. He turned all these bottles over to the sheriff, who labeled them by pasting on each bottle a name, on the bottle gotten from appellant, the name Etheridge being pasted.

While Mr. McConnell was testifying he was handed the empty bottle labeled Etheredge. He said it did not have an E scratched on the top. He further testified "There is not any mark on this empty container that I put on it." Examining a number of other bottles, he said they all had Es on them but this empty one. Handed another bottle he said it was the bottle gotten from the other party and turned over to the sheriff at the same time as those gotten from appellant, and further he said "I had this bottle which is marked 'P,' on top of the other six." This makes plain and puts beyond question the fact that the bottle marked "P" was still full, and still marked "P," at the time of this trial, and therefore it could not be the one sent to the chemist and by him analyzed, for this latter bottle, labeled Etheredge was present and empty at the time of the trial. We can easily understand how the chemist, at the time he analyzed the contents of the bottle labeled Etheredge, might misplace the top, not attaching any importance to it, and this would fully explain the absence from said bottle of any top with an E on it. The presence of a full bottle marked "P" at the trial, however, clarifies the confusion.

The motion for rehearing is overruled.     *Overruled.*