## UNITED STATES v. DOCKERY.

### Cr. No. 38559.

District Court, E. D. New York.

March 11, 1943.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Albert V. DeMeo, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Henry G. Singer, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge.

This is a motion to dismiss the indictment No. 38599 upon the ground "that the said defendant, Christopher Dockery, has already been tried and acquitted of all the things and matters referred to in the above indictment returned on January 6th, 1942, and upon the further ground that all the matters and things referred to in the said indictment of January 6th, 1942, have been finally adjudicated in favor of the said defendant."

The indictment charges the defendant with the sale of tax unpaid alcohol. The grounds upon which the dismissal is sought is former jeopardy and that the matters referred to in this indictment have been adjudicated in favor of the defendant in indictment No. 38353.

On the trial of indictment No. 38353 in which the charge was that the defendant "did unlawfully possess certain distilled spirits in immediate containers on which there were affixed no stamps denoting the quantity of such distilled spirits contained therein or evidencing payment of all Internal Revenue taxes imposed on such spirits", the court dismissed the indictment charging the defendant with the possession of distilled spirits upon the ground that possession thereof in the defendant had not been established.

There can be no proper claim of double jeopardy as the crimes charged were not the same. The fact the defendant did not possess the liquor would not prevent a conviction for the sale of the liquor by the defendant. The offenses of possessing and selling are distinct. While improbable it is possible that one could possess distilled spirits without selling it and likewise one may sell distilled spirits without possessing it. Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505.

Congress has made the offenses of possessing and selling distinct crimes. They need not be included in the same indictment although that procedure is highly desirable to avoid a multiplicity of trials.

Motion to dismiss the indictment on the ground of double jeopardy must therefore fall.

The other branch of the motion is the defense of res judicata, it being the defendant's contention that the judgment of acquittal (indictment No. 38353) in the possession case operates as an estoppel with respect to the matters there in issue or controverted.

It is true where res judicata is relied upon that the identity of offenses is not a determining factor and that res judicata can be properly applied to a criminal case. This court has occasion to consider this question in United States v. Carlisi, D. C., 32 F.Supp. 479.

This court can not, in advance of the trial of the indictment which charges the defendant with the unlawful sale of distilled spirits, determine whether the court in dismissing the indictment No. 38353 charging the defendant with the possession of the distilled spirits decided questions of fact or issues controverted here. If facts were determined by the court, any determination made by the court as to those facts would be binding here. This court can not upon the motion determine this issue, this must be left to the trial court.

Motion will therefore be denied with leave to renew upon the trial.