328 P.2d 1093

STATE of New Mexico, Plaintiff-Appellee,

v.

Elgin SPAHR and William C. Davis, Defendants-Appellants.

No. 6397.

Supreme Court of New Mexico.

Aug. 18, 1958.

Hartley, Buzzard & Patton, Clovis, for appellants.

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Joel B. Burr, Jr., Asst. Attys. Gen., for appellee.

COMPTON, Justice.

Appellants were convicted of selling alcoholic liquor without a license. The sale took place at the Alpha and Omega Club, an unincorporated non-profit association, located about three miles south of the City of Clovis in Curry County. Davis was its sec-retary and treasurer, and managed its affairs. Spahr was its salaried bartender. Incidentally, Curry County had not adopted the local option provision of the Liquor Control Act, Chapter 236, Laws 1939, §§ 46–1–1 to 46–12–13, 1953 Compilation, and it is obvious that they had no license to dispense alcoholic liquor.

There were two informations filed against appellants. The first information contained two counts; the first charged them with selling alcoholic liquor without a license, and the second charged them with possessing for sale alcoholic liquor without a license. Before the jury was impaneled to try the case, the state announced that due to absent witnesses it would be unable to proceed to trial on the first count. Count one was thereupon dismissed without prejudice and the jury returned a not guilty verdict on count two.

Subsequently an information was filed charging appellants with the sale of alcoholic liquor without a license, being identical with count one, previously dismissed. In response to a motion for a bill of particulars, the alcoholic liquor in question is shown to be 7 cans of Coors beer. They were tried and found guilty and are now here on appeal.

The sufficiency of the evidence to sustain the verdict is not questioned. The first ground urged for a reversal of the judgment deals with the instructions, par-

ticularly the refusal of the court to instruct the jury they must find beyond a reasonable doubt the beer alleged to have been sold contained more than one-half of one per cent alcohol. We readily set that question aside. Section 46–1–1, 1953 Compilation reads:

"The term 'alcoholic liquors' shall mean and include any and all distilled or rectified spirits, potable alcohol, brandy, whisky, rum, gin, aromatic bitters bearing the federal internal revenue strip stamps or any similar alcoholic beverage, including all blended or *fermented beverages,* dilutions or mixtures of one (1) or more of the foregoing containing more than one-half of one per cent alcohol, but excluding medicinal bitters. (Emphasis ours.)

\* \* \* \* \* \*

"The term 'beer' shall mean any alcoholic beverage obtained by the fermentation \* \* \*".

Noticeably the section classifies all distilled or rectified spirits, potable alcohol, brandy, whisky, rum, gin, aromatic bitters bearing the federal internal revenue strip stamps or any similar alcoholic beverage, *including all blended or fermented beverages,* as alcoholic liquors without regard to minimum alcoholic contents. And "beer"

is classified as any alcoholic beverage obtained by fermentation. As to such liquors, we conclude it is only necessary to allege and prove that the article sold was of the class named. But as to dilutions or mixtures, it is necessary to allege and prove the statutory minimum alcoholic contents. State v. Centennial Brewing Co., 55 Mont. 500, 179 P. 296; State v. Hemrich, 93 Wash. 439, 161 P. 79, L.R.A.1917B, 962. Compare Fowler v. Corlett, 56 N.M. 430, 244 P.2d 1122; and State v. Baize, N.M., 326 P.2d 367. Also see 1 Woolen and Thorton, The Law of Intoxicating Liquor, 40, § 34; State v. Gibbs, 109 Minn. 247, 123 N.W. 810, 25 L.R.A.,N.S., 449; Henson v. State, 103 Tex.Cr.R. 123, 280 S.W. 592, and Briffitt v. State, 58 Wis. 39, 16 N.W. 39.

█ Appellants further contend (a) that they were placed in jeopardy when they were put to trial for possessing alcoholic liquor for sale, and (b) that an acquittal of the lesser included offense, possession for sale without a license, is an effective acquittal of the greater, the actual sale of alcoholic liquor without a license. Candidly, the appellants are not entitled to a hearing on this question because not having been properly raised below. Territory v. Lobato, 17 N.M. 666, 134 P. 222, L.R.A.1917A, 1226.

Their sole mention of it was in an oral motion to dismiss the information, claiming former jeopardy. This method of raising the question did not suffice and we are not quite sure the trial court did not rest his denial of the motion on this ground. He assigned no reason. But it is not likely appellants were prejudiced even had the court rested his judgment upon the ground mentioned. Territory v. Lobato, supra; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505; United States v. Dockery, D.C., 49 F.Supp. 907; Gore v. United States, 78 S.Ct. 1280.

Further, contention is made that since the sale took place in a club, the prosecution should have been brought under § 46-10-11, 1953 Comp. as amended, 1957 Supp.; whereas, the prosecution was under § 46-10-1, 1953 Comp. The pertinent provisions of the sections read:

"46-10-1. It shall be a violation of this act for any person who is not the holder of a license permitting the same, * * * to * * * sell, or possess for the purpose of sale, any alcoholic liquor in the state of New Mexico."

"46-10-11. * * * Provided, further, that in any county where the sale of alcoholic liquor is otherwise prohibited by law it shall be unlawful for any person who is the owner or proprietor to sell, serve, furnish or permit the drinking or consumption of alcoholic liquors in any club operated for profit or in any public dance hall, pool room, bowling alley, street, state or federal building, or in any other public place."

It is well established where a statute deals with a subject in general terms and another deals with a part of the same subject in a more definite way, the special statute governs. State v. Blevins, 40 N.M. 367, 60 P.2d 208. But the rule has no application here. The statutes relate to entirely different subjects; the former relates to sales without a license, the latter relates to sales in clubs operated for profit. Admittedly, the Alpha and Omega Club is an unincorporated non-profit association.

The judgment will be affirmed. It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and SHILLINGLAW, JJ., concur.