616 P.2d 403

**CITY OF ALAMOGORDO, New Mexico, a Municipal Corporation, Plaintiff-Appellee,**

v.

**WALKER MOTOR CO., INC., Norm Arnold Chrysler-Plymouth, Sacramento Motor Co., Inc., Milne Auto Electric and Milne International, Defendants-Appellants.**

**No. 12477.**

Supreme Court of New Mexico.

March 20, 1980.

Burroughs & Rhodes, F. Randolph Burroughs, Alamogordo, for defendants-appellants.

Steven K. Sanders, Alamogordo, for plaintiff-appellee.

## OPINION

SOSA, Chief Justice.

A motion for rehearing was filed and granted in order to consider our previous opinion. After reconsideration this opinion is substituted for the opinion filed November 16, 1979.

Appellee, the City of Alamogordo, brought this suit against appellants, Walker Motor Co., Inc., Norm Arnold Chrysler-Plymouth, Sacramento Motor Co., Inc., Milne Auto Electric and Milne International, to collect occupation taxes allegedly due for the years 1973, 1974, 1975 and 1976, and for penalties and interest thereon. The district court held that taxpayers were obligated to pay the delinquent occupation taxes, but the court refused to impose the penalties or interest. Taxpayers appeal from a judgment upholding the tax, and the City cross-appeals from the district court's refusal to impose the penalties and interest. We reverse the decision of the district court.

Taxpayers, who are engaged in the business of selling motor vehicles, contend that the imposition of a municipal occupation tax upon such businesses is prohibited by state law. We agree.

The City imposed the occupation taxes which are the subject of this dispute under the authority of Section 3–38–3, N.M.S.A. 1978, which provides in part:

A. A municipality may impose an occupation tax and classify any occupation, profession, trade, pursuit, corporation and other institution and establishment, utility and business of whatever name or character, like or unlike  *  *  * .

B. The occupation tax shall not exceed one dollar ($1.00 per annum for each one thousand dollars ($1,000) gross receipts of business done per annum except a minimum tax of five dollars ($5.00) per annum may be levied or an occupation tax in an amount not to exceed twenty-five dollars ($25.00) per annum per business may be levied on each business. A municipality may classify occupations and impose an occupation tax on each occupation.

Although Section 3–38–3 evinces a legislative intent that all businesses be treated equally for purposes of occupation tax treatment, other statutes demonstrate that the Legislature has intended that businesses engaging in the sale of motor vehicles be treated differently.

Section 3–18–2(C)(3)(d) and (D), N.M.S.A. 1978, provide in part:

Unless otherwise provided by law, no municipality may impose:

   *    *    *    *    *    *

C. any excise tax including but not limited to:

   *    *    *    *    *    *

(3) excise taxes on any incident relating to:

   *    *    *    *    *    *

(d) motor vehicles.

D. However, any municipality may impose excise taxes of the sales, gross receipts or any other type on specific

products and services, other than those enumerated in Paragraph (3) of Subsection C . . . .

■ There is no question but that an occupation tax imposed under Section 3–38–3 is an excise tax as that term is used in Section 3–18–2(C). An excise tax is defined as:

A tax imposed directly by [the] Legislature without assessment and measured by amount of business done, income previously received, or by extent to which [the] privilege may have been enjoyed or exercised by the taxpayer, irrespective of [the] nature or value of his assets or his investments in business * * *.

*Black's Law Dictionary* 672 (4th ed. rev. 1968). The definition of an occupation tax is:

A tax imposed upon an occupation or the prosecution of a business, trade, or profession; not a tax on property, or even the capital employed in the business, *but an excise tax* on the business itself * *. (Emphasis added.)

*Black's Law Dictionary* 1230 (4th ed. rev. 1968).

Under Section 3–38–3(B), the municipal occupation tax is assessed according to the amount of gross receipts of business done. Thus, such a tax is an excise tax. The question for resolution, therefore, is whether such a tax can be imposed on businesses engaged in the sale of motor vehicles, notwithstanding the specific prohibitions of Section 3–18–2(C)(3)(d) and (D).

■ Although the grant of taxing authority in Section 3–38–3 is broad and all-inclusive, the prohibitions found in Section 3–18–2(C)(3)(d) and (D) are specific and explicit. It is a well-established principle of statutory construction that where one statute deals with a subject in general terms and another deals with a part of the same subject in a more specific way, the more specific statute will be considered to be an exception to the general statute. *New Mexico Bureau of Rev. v. Western Elec. Co.,* 89 N.M. 468, 553 P.2d 1275 (1976); *State v. Spahr,* 64 N.M. 395, 328 P.2d 1093 (1958).

*See also* Sutherland, *Statutes and Statutory Construction,* § 51.05, p. 315 (4th ed. 1973).

■ It is also well-settled that where the conflict between an earlier act and a later act is clear and irreconcilable, the later act, as the most recent expression of legislative intent, will be considered to have repealed by implication the earlier conflicting statute to the extent of the inconsistency. *See Rader v. Rhodes,* 48 N.M. 511, 153 P.2d 516 (1944); Sutherland, *supra,* § 51.02 p. 290. Section 3–38–3 was enacted in 1965; Section 3–18–2 was enacted in 1972.

■ The City contends that the imposition of occupation taxes on motor vehicle sales is permissible because the prohibitions contained in § 3–18–2 are prefaced with the phrase "unless otherwise provided by law." The City argues that Section 3–38–3 falls within the phrase, and is thus a statutory exception to the prohibitions of Section 3–18–2.

We do not agree that the very general taxing statute passed in 1965 was contemplated to be within the term "unless otherwise provided by law," and thus to be outside the specific prohibition relating to motor vehicles which was enacted seven years later. We believe that if the Legislature had intended that an existing general law be an exception to the later enacted specific limitations on municipal taxing authority, it would have so provided in more specific language.

The conclusion we reach is buttressed by other statutes which demonstrate a legislative policy of treating the taxation of motor vehicles sales differently from the taxation of most other business activities.

Section 66–6–27, N.M.S.A.1978 (Cum. Supp.1979), imposes an excise tax of two percent of the sales price on the issuance of a certificate of title arising from the sale of a motor vehicle. Section 7–9–22, N.M.S.A. 1978, provides that the receipts from sales of motor vehicles on which a tax is imposed under Section 64–11–15, N.M.S.A.1953 (Supp.1975), the predecessor to Section 66–6–27 are exempt from the gross receipts tax imposed by the state under the Gross Re-

ceipts and Compensating Tax Act, Sections 7–9–1 to 7–9–81, N.M.S.A.1978. Municipal gross receipts taxes may not be imposed on those items which are exempted from the state gross receipts tax (e. g., the exemption contained in Section 7–9–22, for gross receipts from the sale of motor vehicles). § 7–19–6, N.M.S.A.1978 (Repl.Pamp.1979).

Although the foregoing provisions do not in themselves necessarily mandate the result we reach in this case, they do support our construction of Sections 3–38–3 and 3–18–2.

Therefore, we hold that municipal occupation taxes may not be imposed under Section 3–38–3 on any incident relating to motor vehicle sales. This holding makes it unnecessary to consider the other issues raised on appeal by both parties. In the interest of the fair administration of justice, this Court's holding is given modified prospectivity and made applicable only to the parties to this litigation, to any cases actually filed, docketed and pending, and to any causes of action arising after the filing of this decision.

The decision of the district court is reversed and the cause remanded for further action not inconsistent with this opinion.

IT IS SO ORDERED.

FEDERICI and FELTER, JJ., concur.