668 P.2d 306

**Ralph ABBOTT, d/b/a Tasco, Petitioner-Appellee,**

v.

**Alex J. ARMIJO, Commissioner of Public Lands, State of New Mexico, Respondent-Appellant.**

**No. 14522.**

Supreme Court of New Mexico.

Aug. 24, 1983.

J. Scott Hall, Sp. Asst. Atty. Gen., for respondent-appellant.

Armijo, Baggett, Cameron & Vandiver, Dennis F. Armijo, Farmington, for petitioner-appellee.

OPINION

SOSA, Senior Justice.

It is the opinion of this Court that the district court should be reversed. The issue is whether the appellant, the Commissioner of Public Lands, fulfilled the statutory requirements for giving notice when he sent the appellee, Mr. Abbott, a notice of intent to cancel an oil and gas lease by certified mail, even though Mr. Abbott did not receive such notice.

On January 2, 1981, the Commissioner sent Mr. Abbott a courtesy notice stating that the delay rentals on his oil and gas lease would be due on February 1, 1981. When Mr. Abbott failed to make payment,

the Commissioner sent a notice of intent to cancel the lease by certified mail to Mr. Abbott's address of record as shown on the lease. This notice was mailed on February 6, 1981. No return receipt was received by the Commissioner and Mr. Abbott alleged that the certified letter was never delivered to him. The Commissioner subsequently terminated Mr. Abbott's oil and gas lease for nonpayment of delay rentals.

Mr. Abbott commenced this action in the district court for San Juan County on April 10, 1981, pursuant to NMSA 1978, Section 19–10–23. The district court held that Mr. Abbott's oil and gas lease should be restored because actual notice is necessary in order to terminate a lessee's interest in an oil and gas lease. The Commissioner appeals and we reverse.

■ Actual notice is not required in order to terminate a lessee's interest in an oil and gas lease. Section 19–10–20 expressly states that "the mailing of a notice as provided in this section shall constitute notice of the intention of the commissioner to cancel the lease and no proof of receipt of such notice shall be necessary or required."

■ We next consider whether sending notice of intent to cancel by certified mail constitutes compliance with the statutes. We must construe two statutory provisions which address notice of intention to cancel an oil and gas lease. These two statutes, NMSA 1978, Sections 19–10–3 and 19–10–20, are *in pari materia* and, if possible by reasonable construction, must be construed so that effect is given to both. *State ex rel. State Park and Recreation Commission v. New Mexico State Authority,* 76 N.M. 1, 411 P.2d 984 (1966).

■ Section 19–10–3 is the statutory lease form which was used in this case. This is an "unless" type of lease and, as a general rule, termination of such a lease for nonpayment of delay rentals is automatic unless a statute provides for notice of intent to terminate. 3 H. Williams, Oil and Gas Law §§ 606, 606.2 (1981). Subparagraph 13 of New Mexico's lease form does require notice by providing that "before any such cancellation shall be made, the lessor shall mail to the lessee * * * by reg-

istered or certified mail * * * a notice of intention of cancellation." § 19–10–3. Section 19–10–20 which governs cancellation of leases for nonpayment provides that "before any such cancellation shall be made the commissioner must mail to the lessee * * * by registered letter * * * a notice of intention to cancel said lease." Both statutes represent a legislative intent that mailing of notice be accomplished by a method that has a high assurance of delivery. We believe that both registered and certified mail meet this requirement. *See Pacific Discount Co. v. Jackson,* 37 N.J. 169, 179 A.2d 745 (1962). We see no irreconcilable conflict in the two statutes and, therefore, hold that the Commissioner fulfilled the statutory requirement for notice when he sent Mr. Abbott a notice of intent to cancel by certified mail.

■ In any event, a later statute, as the most recent expression of legislative intent, will control over an earlier statute to the extent of any inconsistency. *City of Alamogordo v. Walker Motor Co.,* 94 N.M. 690, 616 P.2d 403 (1980). Section 19–10–20 was enacted into law by 1929 N.M.Laws, ch. 125, § 11. The portion of Section 19–10–3 requiring notice by registered mail first appeared in New Mexico law as part of a lease form in 1931 N.M.Laws, ch. 18, § 2. It was amended in 1967 to provide that notice may be sent by registered *or* certified mail. 1967 N.M.Laws, ch. 189, § 1. We hold that Section 19–10–20, as the more recent legislative enactment, controls the extent to which either registered *or* certified mail is allowed.

For the foregoing reasons, the judgment of the district court is reversed and the Commissioner's termination of Mr. Abbott's lease is upheld. This cause is remanded to the district court for further proceedings not inconsistent herewith.

IT IS SO ORDERED.

PAYNE and STOWERS, JJ., concur.