869 P.2d 293

**Dorothy WILSON, Plaintiff–Appellant,**

v.

**GRANT COUNTY, Grant County Sheriff's Department, and Carl A. Henderson, Defendants–Appellees.**

**No. 15063.**

Court of Appeals of New Mexico.

Jan. 4, 1994.

Certiorari Denied Feb. 22, 1994.

Penni Adrian Gallagher, Casados & Mann, P.C., Allen Gerlach, Albuquerque, for plaintiff-appellant.

Jay R. Hone Law Offices of Jay R. Hone, Albuquerque, for defendants-appellees.

## OPINION

PICKARD, Judge.

Plaintiff appeals the trial court's grant of summary judgment to Defendants in this Tort Claims Act case. The trial court ruled as a matter of law that immunity had not been waived for the incident leading to Plaintiff's cause of action. We proposed to reverse, and Defendants have responded to that proposal. Since the facts of this case are undisputed and the application of legal principles to those facts is clear, it is an appropriate case for resolution on the summary calendar. *See Garrison v. Safeway Stores*, 102 N.M. 179, 180, 692 P.2d 1328, 1329 (Ct.App.), *cert. denied*, 102 N.M. 225, 693 P.2d 591 (1984). We reverse the summary judgment granted in this case.

Defendant Henderson is a deputy sheriff's officer with the Grant County Sheriff's Department. He was responding to a call for back-up assistance, with his emergency lights and siren engaged, when his vehicle collided with Plaintiff's vehicle. Plaintiff subsequently filed suit against Defendants under the Tort Claims Act, NMSA 1978, Sections 41-4-1 to -27 (Repl.Pamp.1989), claiming that Henderson had been negligent in exceeding the posted speed limit, failing to maintain his lane, failing to properly inspect and maintain his brakes, and failing to follow proper procedures in responding to a call for assistance.

Ruling on Defendants' motion for summary judgment, the trial court determined that immunity had not been waived for the accident. This determination was based on the trial court's holding that the only section of the Tort Claims Act which applies to law enforcement officers is Section 41-4-12, which specifically mentions law enforcement officers. Since Plaintiff's complaint was based on Henderson's alleged negligent operation of a motor vehicle, and immunity for such torts is waived only in Section 41-4-5 of the Act, which applies generally to public employees, the trial court decided that immunity had not been waived for the accident.

The question for decision in this case is whether Section 41-4-12 is the only waiver provision in the Tort Claims Act that applies to law enforcement officers, or whether they are subject to the other waiver provisions of the Act as well. In deciding that issue, we must interpret the statute as a whole to achieve a harmonious result. *See Roberts v. Southwest Community Health Servs.*, 114 N.M. 248, 251, 837 P.2d 442, 445 (1992). Doing so in this case, we hold that Section 41-4-5, which waives immunity for negligent operation or maintenance of a motor vehicle, watercraft, or aircraft, applies to all public employees, including law enforcement officers. Section 41-4-12, which applies only to law enforcement officers, waives immunity only for the acts enumerated in that provision, such as assault and battery. This interpretation avoids the unreasonable consequences that would result from Defendants' interpretation of the statute. *See State ex rel. Rodriguez v. American Legion Post No. 99*, 106 N.M. 784, 786-87, 750 P.2d 1110, 1112-13 (Ct.App.) (statute should be construed under presumption that legislature acted reasonably in enacting it), *certs. denied*, 106 N.M. 588, 746 P.2d 1120 (1987) *and* 107 N.M. 16, 751 P.2d 700 (1988). For example, under Defendants' interpretation, a jailer transporting a prisoner to a hearing in a public vehicle would be immune from suit if the jailer negligently caused an accident, because Section 41-4-5 would not apply to that jailer. *See Methola v. County of Eddy*, 95 N.M. 329, 332, 622 P.2d 234, 237 (1980) (jailers are law enforcement officers for Tort Claims Act purposes). We do not believe that the legislature intended such a result.

Defendants argue that the trial court correctly decided that Section 41-4-12 is the only waiver provision that applies to law

enforcement officers, because the provision specifically singles out such officers. We note, however, that the provision does not contain any language indicating that it is the only section that applies to law enforcement officers. It is reasonable to interpret Section 41–4–12 as enumerating other actions of an officer for which immunity is waived in addition to the waivers of immunity found in Sections 41–4–5 to –11. As an illustration, we note that health care providers are also specifically addressed in the Act, in Section 41–4–10. Section 41–4–10 waives immunity for public employees providing health care services. We do not believe, however, that this means that a public employee licensed as a health care provider who is driving a vehicle in the course of employment would be immune from suit if the employee drives negligently and causes an accident. Instead, Section 41–4–5 of the Act waives immunity if a health care provider negligently operates a motor vehicle, and Section 41–4–10 waives immunity if a provider negligently provides health care services. The same analysis applies to law enforcement officers—Section 41–4–5 waives immunity if they negligently operate or maintain a motor vehicle, causing an accident, while Section 41–4–12 waives immunity for certain other activities that are part of an officer's duties.

Defendants contend that principles of statutory construction support their position. In particular, they argue that Section 41–4–12 is more specific than Section 41–4–5, and that Section 41–4–12 therefore controls. Both sections, however, are specific in their own way. Section 41–4–5 applies to the activities of operating or maintaining a motor vehicle, watercraft, or aircraft, by any public employee; Section 41–4–12 applies to specific activities, such as assault and battery, by law enforcement officers. Although Section 41–4–12 is more limited in scope than Section 41–4–5 because it applies to only one class of public employees, that does not make it more specific for purposes of statutory construction. The general/specific analysis applies when one statute deals with a subject in general terms and another deals with a part of the same subject in specific terms. *Production Credit Ass'n v. Williamson*, 107 N.M. 212, 213, 755 P.2d 56, 57 (1988). As we have stated, Section 41–4–5 deals with the subject of operating or maintaining a motor vehicle, while Section 41–4–12 deals with other activities. The two sections do not apply to the same subject. As we interpret them, they complement each other; one does not limit or restrict the scope of the other.

Defendants contend that our interpretation is impermissible because it adds language to Section 41–4–12 to the effect that the section is not the only section that applies to law enforcement officers. We disagree. The contrary interpretation is the one that would add language. As we pointed out earlier, nothing in Section 41–4–12 indicates that it is the only section of the Act that applies to law enforcement officers. Defendants, however, would add such limiting language to the section. Our interpretation uses the plain language of the statute—Section 41–4–5 applies to public employees generally, and law enforcement officers are public employees. Section 41–4–12 sets out specific acts of such officers that will result in liability, but it does not state that those are the only acts for which immunity will be waived. We will not add such a restriction to the statute when we believe it would be contrary to the legislature's intent. *See Roth v. Thompson*, 113 N.M. 331, 332, 825 P.2d 1241, 1242 (1992) (chief aim of statutory construction is to give effect to intent of legislature).

Defendants argue that the purposes behind the enactment of the Act support their position. They insist that law enforcement officers should be free to perform their duties without fear of lawsuit, and that the government cannot be liable for all losses caused by its actions. We agree that one purpose of the Act is to limit governmental liability to losses resulting from certain specified actions. Operating a motor vehicle, however, is one of the specified activities for which immunity is waived. Therefore, the purposes of the Act are served by having a waiver of immunity in cases such as this one.

We also agree that law enforcement officers should be free to perform their duties as any reasonably prudent officer would. Toward that end, the legislature limited the waiver of immunity for Section 41–4–12 activ-

ities to more egregious behavior such as assault and battery. In addition, the Section 41–4–5 waiver must be interpreted in light of the different standard for negligence for law enforcement officers. Such officers, in operating a vehicle or performing any job-related activity, are expected to exercise only the care that a reasonably prudent and qualified officer would exercise in the same situation. *See Cross v. City of Clovis,* 107 N.M. 251, 254, 755 P.2d 589, 592 (1988). For example, in this case it may well have been reasonable for Henderson to exceed the posted speed limit and fail to maintain his lane, if indeed he did so. Our interpretation does not, therefore, unnecessarily hamper law enforcement officers in the performance of their duties. We simply hold that if officers operate a motor vehicle more carelessly than a reasonably prudent officer would in the same circumstances, they will not be immune from suit if an accident results.

Defendants' final contention is that our interpretation creates unreasonable distinctions between law enforcement officers negligently operating motor vehicles and those negligently riding horses or bicycles. The former will not be immune from suit, while the latter will be. To the extent such a distinction may exist, it has been created by the legislature and has been created for all public employees. In any event, the distinction does not appear to be unreasonable. The potential for harm to the public is much greater, except in unusual circumstances, from the negligent operation of a motor vehicle than from the negligent operation of a bicycle or horse.

Defendants state in their memorandum in opposition that they do not believe that the legislature intended to waive immunity for an officer who runs a red light while patrolling a community. We, on the other hand, believe that the legislature did intend to do so, if a reasonably prudent officer would not have run the light under the circumstances. We therefore hold that the Section 41–4–5 waiver of immunity applies to law enforcement officers, and we reverse the summary judgment granted to Defendants in this case. We express no opinion as to whether Henderson was acting negligently when the accident occurred.

IT IS SO ORDERED.

APODACA and FLORES, JJ., concur.